IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRAE CHOICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. GREEN, et al. | : | No. 05-0731 |

### REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                          November        , 2005

This is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Barrae Choice ("Petitioner"), an individual currently on probation.[1]  For the reasons that follow, I recommend that the petition be dismissed.

### FACTS AND PROCEDURAL HISTORY:

In October 1997, a jury sitting before the Honorable Steven R. Geroff, Court of Common Pleas of Philadelphia County, convicted Petitioner of robbery, conspiracy, and possession of an instrument of crime.[2]  The court sentenced him to five (5) to ten (10) years of imprisonment on the robbery charge and two (2) concurrent terms of five (5) years probation on the remaining convictions.  On direct appeal, the Pennsylvania

---

[1] A petitioner must be "in custody in violation of the laws or treaties of the United States" in order to be eligible for habeas corpus relief, see 28 U.S.C. § 2254(a).  Petitioner satisfies the custody requirement of § 2254 because he is "in custody" of the Pennsylvania Board of Probation and Parole.  See Mabry v. Johnson, 467 U.S. 504, 507 n.3 (1984) (prisoner on parole remains "in custody" for purposes of 28 U.S.C. § 2254); Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988) (there is no material difference between probation and parole for purposes of the "in custody" requirement of § 2254).

[2] Petitioner's first jury trial, in April 1997, resulted in a mistrial when the jury could not reach a verdict.

Superior Court affirmed the convictions on January 27, 2000. Commonwealth v. Choice, 752 A.2d 419 (Pa. Super. 2000) (table).

On July 17, 2001, Petitioner filed a counseled petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Petitioner advanced a claim of error under Brady v. Maryland, 373 U.S. 83 (1963), based upon after-discovered evidence of police misconduct. Petitioner claimed that new facts were revealed during a deposition in a civil defamation case, where the police officers involved in Petitioner's arrest were suing a reporter. Specifically, he claimed that the police officers testified during the deposition that, contrary to trial testimony, the victim, who was the only eyewitness to the crime, did not look at the robber's face, that the robber told the victim not to look at his face, and that the victim only glimpsed the robber from the side.

The PCRA court denied relief without a hearing on February 15, 2002. Petitioner appealed to the Superior Court which affirmed the denial of PCRA relief on August 7, 2003. Commonwealth v. Choice, 830 A.2d 1005 (Pa. Super. 2003) (table). The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on February 19, 2004. Commonwealth v. Choice, 843 A.2d 1236 (Pa. 2004) (table).

On February 16, 2005, Petitioner filed the instant petition for a federal writ of habeas corpus raising the same claim of Brady error articulated on PCRA review. Respondents have filed an answer asserting that Petitioner is not entitled to federal habeas relief because the instant petition is time-barred under the Anti-Terrorism and Effective

Death Penalty Act ("AEDPA") and arguing, in the alternative, that Petitioner's claims are without merit.

**DISCUSSION:**

   **I.  Statute of Limitations**

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's <u>Brady</u> claim is the allegation of after discovered evidence, which casts doubt upon the veracity of trial testimony. The date that this evidence could have been discovered through the exercise of due diligence is "context-specific." <u>See</u> <u>Wilson v. Beard</u>, No. 04-2461, 2005 WL 2559716 (3d Cir. Oct. 13, 2005) (petitioner was found to have knowledge of the factual predicate of his claim when contacted by his attorney). Petitioner argues that he became aware of this after-discovered evidence when he was visited by counsel on May 18, 2001. On that date, counsel discussed the police officers' depositions with him and offered him representation. Respondent argues that while the factual predicate of this claim may have been determined at a date earlier than May 18, 2001, it could not have been later.[3] Therefore, I find that the statute of limitations under 28 U.S.C. § 2241(d)(1) started to run on May 18, 2001.

On July 17, 2001 – 60 days into his one (1) year federal statute of limitations – Petitioner filed his PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. <u>See</u> 28 U.S.C. §

---

[3] I find it unnecessary to address Respondent's alternative argument, that the statute of limitations started to run on an earlier date, as any such argument is moot. Using Petitioner's asserted date of May 18, 2001, I reach the same conclusion.

2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").  Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought.  See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000).  Petitioner's petition was thus pending until February 19, 2004, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.[4][5]  At this time, the one (1) year grace period began to run again and Petitioner had 305 days, or until December 21, 2004, to file a timely § 2254 petition.  See Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003) (28 U.S.C. § 2244(d)(2)'s tolling provision does not reset date from which the

---

[4]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period.  Stokes v. District Att'y of the County of Phila., 247 F.3d 539, 543 (3d Cir. 2001).

[5]While Petitioner urges us to follow the decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (finding that the ninety (90) day waiting period during which a state prisoner may file a petition for a writ of certiorari in the United State Supreme Court *does* toll the AEDPA limitations period), we are bound by the 3rd Circuit ruling in Stokes, supra.

applicable 1-year limitations period begins to run).

Petitioner submitted the instant motion for filing on February 16, 2005, fifty-seven (57) days after the limitation period expired. He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Petitioner would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

### A.   Equitable Tolling

The Third Circuit has determined that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (citation omitted). "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). The Third Circuit has set forth three (3) circumstances in which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the

wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). "In non-capital cases, *attorney error*, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases) (emphasis added); LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005) (failure of petitioner's attorney to notify him of the Pennsylvania Supreme Court's denial of allocatur, which caused the statute of limitations to begin running and expire under Section 2244(d), was not extraordinary circumstance warranting equitable tolling).

I do not find the instant matter to be one of "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Petitioner presents us with no evidence that he was prevented from pursuing his claim in some extraordinary way. Petitioner cannot justify his untimeliness by blaming his counsel, as attorney error has not been found to be an extraordinary circumstance for purposes of equitable tolling. See Fahy, supra, LaCava, supra. Because Petitioner has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Petitioner's petition must be dismissed as untimely.

Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this      day of November, 2005, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

                                        s/Peter B. Scuderi
                                        PETER B. SCUDERI
                                        UNITED STATES MAGISTRATE JUDGE