IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRAE CHOICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. GREEN, et al. | : | NO. 05-0731 |

## MEMORANDUM AND ORDER

DITTER, S.J.                                                                                                                                                                                                February 27, 2006

      This case comes before the Court on a petition for a writ of habeas corpus brought by a former state prisoner who is currently on probation.[1] The matter was referred to United States Magistrate Judge Peter B. Scuderi who recommended that the petition be dismissed as being untimely filed, a recommendation that I will follow.

      In October 1997, the petitioner was convicted by a jury of robbery, conspiracy, and the possession of an instrument of crime. He was sentenced to serve five to ten years on the robbery charge and two concurrent terms of five-years probation on the remaining convictions. On direct appeal, the Pennsylvania Superior Court affirmed his convictions.

      On July 17, 2001, the petitioner filed a petition under the Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa. Con. Stat. § 9541, *et seq*, based upon after-discovered evidence of police misconduct. Specifically, on May 18, 2001, he was told that in another proceeding, the police

---

[1] As the magistrate judge correctly noted, petitioner satisfies the "custody requirement" for habeas corpus relief because he is under the supervision of the Pennsylvania Board of Probation and Parole.

officers involved in his arrest had given information that might have cast doubt on the victim's identification testimony.

Without hearing, the state court denied relief on February 15, 2002. The Superior Court affirmed the denial of PCRA relief on August 7, 2003, and the Supreme Court of Pennsylvania denied petitioner's petition for an allowance of appeal on February 19, 2004.

On February 16, 2005, petitioner filed the instant petition for a writ of habeas corpus raising the same claim set forth in his PCRA petition. Respondents have filed an answer asserting that the petitioner is not entitled to federal habeas relief because the instant petition is time-barred by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Section 101 of the AEDPA amended habeas corpus law by imposing a one-year limitation period on applications for a writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). The one-year period of limitation begins to run on the date on which the factual basis for the claim in question could have been discovered through the exercise of due diligence. The statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward the period of limitation.[2]

---

[2] 28 U.S.C.A. § 2244:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

United States Magistrate Judge Scuderi correctly concluded that the starting point for the statute of limitations was May 18, 2001, the day that petitioner was told by his attorney that there was a question about the validity of his identification by the victim of the crime for which he had been convicted. Sixty days later, on July 17, 2001, petitioner filed his PCRA petition, thereby tolling the one-year limitation. 28 U.S.C. § 2244(d)(2). The one-year grace period began to run again on February 19, 2004, when the Pennsylvania Supreme Court denied his petition for an allowance of appeal. Petitioner therefore had three hundred and five days, or until December 21, 2004, to file a timely § 2254 petition. See *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (the AEDPA's tolling provision does not reset the date from which the applicable one-year limitations period begins).

Petitioner submitted the instant motion for filing on February 16, 2005. He objects to the conclusion of the magistrate judge that the petition was not filed on time and supports his contention with three arguments.

First, he refers to 28 U.S.C. § 2244(d)(1)(B) which provides that the one-year limitation period shall run from "... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" Petitioner contends that the failure of the prosecutor to turn over exculpatory *Brady* material violated his Constitutional rights. He goes on to assert that

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the exhaustion of state remedies was an **impediment** to the presentation of that claim in federal court. He then argues that the "impediment" to which he refers was removed when the Pennsylvania Supreme Court denied review of his PCRA petition on February 19, 2004. Thus, he contends that because his habeas petition was filed within one year of that date, it was filed in a timely manner.

Petitioner has mixed §§ 2244(d)(1)(B), 2244(d)(1)(A), and 2244(d)(1)(D) together and predictably misreads the result. Section 2244(d)(1)(A) deals with the exhaustion of state remedies and sets the time for the one-year statute to begin to run. Section 2244(d)(1)(B) defines when the one-year statute will begin to run where its filing has been hindered or prevented by some unconstitutional act for which the state is responsible. Section 2244(d)(1)(D) refers to the factual basis for the claim – here, the date when petitioner learned of the alleged *Brady* violation. The term **impediment** is only used in § 2244(d)(1)(B) and has nothing to do with the exhaustion of state remedies or the factual predicate that is the basis for seeking relief. As petitioner has not made reference to any state action which prevented his filing his application for habeas relief, there is no merit in petitioner's impediment argument.

Petitioner's second argument is a continuation of his first, that is, that the magistrate judge picked the wrong date for the commencement of the statute of limitations. Petitioner points to the words "due diligence" in § 2244(d)(1)(D) and contends that the statute of limitation did not begin to run on the date when he learned of the failure to provide the *Brady* material but only when he would have filed his petition in the exercise of "due diligence." He misreads the section. Plainly the words "due diligence" refer to the discovery of the factual predicate for the claim, not the date of the petition's filing. In his determination that the one-year grace period begins to run on May 18, 2001, when petitioner learned of the *Brady* material, the magistrate judge followed Third Circuit

precedent. He correctly cited *Johnson,* 314 F.3d at 162. A more recent case, *LaCava v. Kyler*, 398 F.3d 271 (3d Cir. 2005), is to the same effect as are numerous cases from this court as well as cases from other circuits.

The petitioner's second argument is without merit.

Petitioner's third argument is that his petition was filed in a timely manner because following the denial of review by the Pennsylvania Supreme Court, he had ninety days in which to petition for a writ of certiorari to the Supreme Court of the United States. He argues that although he did not do so, the one-year period provided by Congress should be extended by ninety days because he **could** have done so. In support of this argument he cites *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), *cert. denied, sub nom. Caruso v. Abela, 541 U.S. 1070 (2004).*

Indeed, *Abela* holds that the one-year federal habeas limitations period is tolled from the filing of an application for collateral relief until the conclusion of the time for seeking certiorari review of the state's final judgment, independent of whether the petitioner actually files a petition for certiorari.

*Abela* has not been followed by other courts and is contrary to rulings by the Court of Appeals for the Third Circuit. In *Stokes v. Dist. Attorney of the County of Philadelphia*, 247 F.3d 539 (3rd Cir. 2001), the Court of Appeals held that the possibility that a prisoner **could** file a petition for a writ of certiorari did not toll the running of the grace period. *Stokes* was cited with approval in *Miller v. Dragovich*, 311 F.3d 574 (3rd Cir. 2002), which held that the statute was not tolled during the pendency of an actual petition for a writ of certiorari to the United States Supreme Court. Although *Stokes* and *Miller* were both prior to *Abela*, I am confident that *Abela* will not find support in the Third Circuit.

In conclusion, I reject the contentions of the petitioner that the learned magistrate judge erred in his report and recommendation.

Despite *Abela,* there is no basis for an appeal.  Binding precedent plainly disposes of the issues raised by the petitioner.  *See Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005), *petition for cert. filed*, (Jan. 26, 2006) (No. 05-8820).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRAE CHOICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL L. GREEN, et al. | : | NO. 05-0731 |

## O R D E R

AND NOW, this 27th day of February, 2006, after careful and independent consideration of the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and a review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, IT IS HEREBY ORDERED:

1. The Objection of Barrae Choice to the Report and Recommendation is hereby OVERRULED;

2. The Report and Recommendation is APPROVED AND ADOPTED;

3. The Petition for Writ of Habeas Corpus filed pursuant 27 U.S.C. § 2254 is DISMISSED; and

4. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.

OPINIONS\05-0731